OPINION
{¶ 1} Defendant Jonathan D. Bair appeals a judgment of the Court of Common Pleas of Stark County, Ohio, which overruled his motion to withdraw his guilty plea. Appellant assigns two errors to the trial court:
 {¶ 2} "I. THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTION TO WITHDRAW HIS PLEA.
 {¶ 3} "II. THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL FOR COUNSEL'S FAILURE TO PUT ON THE RECORD THE TRIAL COURT'S REPRESENTATIONS REGARDING THE WITHDRAWAL OF THE PLEA."
 {¶ 4} At the sentencing hearing, appellant moved the court to withdraw his formerly entered guilty plea, enter a plea of not guilty, and ask for a jury trial. The court overruled the request, finding appellant had given no basis for the court to determine the decision to enter a guilty plea was coerced in any way.
 {¶ 5} The court stated on the record that the original sentencing hearing had been scheduled more than two months previously, but the defendant did not appear.
 {¶ 6} Defense counsel argued to the trial court appellant had understood the court would allow him to withdraw his guilty plea if the pre-sentence investigation came back in a "negative light" such that he would have been sentenced to incarceration at a state correctional institution.
 {¶ 7} Crim.R. 32.1 governs the withdrawal of a guilty plea. The Rule states a motion to withdraw a plea of guilty or no-contest may be made only before sentence is imposed or the imposition of sentence is suspended. If the accused moves the court after sentence to withdraw his plea, the court may only do so to correct manifest injustice.
 {¶ 8} Motions to withdraw guilty pleas before sentencing are to be freely allowed and treated liberally, see State v. Scott (August 7, 2000), Stark Appellate Nos. 1999CA00354 and 1999CA00219. A defendant does not have an absolute right to withdraw his guilty plea prior to sentencing, see State v. Xie (1992), 62 Ohio St.3d 521. A pre-sentence motion to withdrawn a guilty plea is addressed to the sound discretion of the trial court, Id. The Supreme Court has frequently reminded us we may find abuse of discretion only if we find the court's ruling was unreasonable, arbitrary, or unconscionable, State v. Adams (1980),62 Ohio St.2d 151.
 {¶ 9} The trial court found there has been no basis under the law for finding appellant was coerced into entering his guilty plea. Apparently the court referring the alleged promise appellant could withdraw his plea if the pre-sentence investigation was negative. Defense counsel conceded appellant had a record which was long "and not great."
 {¶ 10} Although we understand the trial court's frustration, and realize appellant no doubt knew he had an extensive negative record, we nonetheless find given the particular facts and circumstances of this case, that the court did abuse its discretion in not permitting the appellant to withdraw his guilty plea.
 {¶ 11} The first assignment of error is sustained.
 {¶ 12} The second assignment of error is overruled as moot.
 {¶ 13} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.
By Gwin, P.J., Farmer, J., and Boggins, J., concur.
Topic: withdrawal of guilty plea.